IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

B&C TRANSIT, INC., a                        No. 3:11-CV-1534-AA
Florida Corporation,                            OPINION AND ORDER

        Plaintiff,

    vs.

ELCON CORPORATION, a
Washington Corporation,

        Defendant.

_____

Douglas Bragg
Millard & Bragg, PC
6650 Southwest Redwood Lane, Suite 330
Portland, Oregon 97224

John Durkin
Durkin & Young LLP
800 Airport Blvd. Suite 417
San Francisco, California 94010
    Attorneys for plaintiff

John Ahlers
James Lynch
Ahlers & Cressman PLLC
999 Third Avenue, Suite 3800
Seattle, Washington 98104-4023
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendant filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  That motion is denied.

## BACKGROUND

This matter arises from a failed attempt for plaintiff to provide services to defendant as a subcontractor/subconsultant on the Portland Streetcar Loop in Portland, Oregon.  Defendant had a design/build contract that included work on the Streetcar's communication and signal system.  In September 2009, plaintiff submitted a bid for a subcontract to provide defendant with detailed design, shop drawings, product submittals, supply, programming, testing, training, assembly, factory and field testing, and related work for certain railway signals, communications systems, and equipment.  See Decker Decl., Ex. A ("scope and bid for Streetcar Loop Project").  In November 2009, defendant notified plaintiff of its intent to award plaintiff the subcontract.  The parties thereafter exchanged drafts of a Purchase order and later a Professional Services Agreement, however, a final agreement was never executed.

Defendant alleges that while negotiations were ongoing, it notified plaintiff repeatedly between May and November 2010 that it considered plaintiff's submittals untimely and inadequate. The parties' dispute surrounding performance, and the issues that follow, are not germane to this motion and are therefore repeated

Page 2 - OPINION AND ORDER

here only for context purposes. The dispute around the timeliness
and quality of plaintiff's work escalated until November 17,
2010, when principals from both companies discussed the viability
of proceeding with the project.  Defendant alleges that
plaintiff's principal indicated he was "willing to walk away at
this point and just let the job go."  Decker Decl.,  ¶ 7.
Defendant sent plaintiff an email that same day accepting the
offer.  Decker Decl., Ex. I.  Plaintiff later sent defendant an
invoice seeking payment of $186,588.51.  Decker Decl., Ex. J.  Of
that amount, $150,000 was for plaintiff's 100% completion of a
"Final Design Submittal," and another $30,000 was related to
"Mobilization."  Id.  Nearly all of the other line items -
including procurement and delivery of various pieces of equipment
- remained at 0% completion according to the Invoice.  Id.

     There is no dispute that neither plaintiff nor its employees
held a license from the Oregon State Board of Examiners for
Engineering and Land Surveying.  Plaintiff was, however,
registered to engage in the practice of engineering in states
other than Oregon.

STANDARDS

     Summary judgment is appropriate "if the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party

Page 3 - OPINION AND ORDER

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

                              DISCUSSION

1. Waiver

Defendant's summary judgment motion is premised upon the alleged illegality of the contract between the parties based upon

Page 4 - OPINION AND ORDER

plaintiff's lack of an Oregon engineering license. Plaintiff first asserts that defendant has waived its entitlement to argue illegality because it did not plead this as an affirmative defense in its Answer and Affirmative Defenses.  Plaintiff argues that it is prejudiced by the late notice of this defense and therefore had no opportunity to conduct any discovery relating to the scope of work as it whether it qualified as "engineering" work.

I disagree and find that plaintiff's waiver argument fails due to adequate notice and lack of prejudice.  The court accepts defendant's representation to this court that it "did not know and could not have reasonably known about [plaintiff's] failure to adhere to the licensing law until it propounded the Interrogatory cited in [defendant's] opening brief."  Reply Brief, p. 2.  It is reasonable to assume that the same Interrogatory unequivocally put plaintiff on notice of a potential licensing issue.  Plaintiff responded to the Interrogatory over five months ago on November 7, 2012, and yet conducted no further discovery regarding this issue, or any other.  Therefore, when plaintiff was apprised of the potential illegality issue via the Interrogatory, it did not raise any question of waiver prior to the submission of its brief, and has failed to describe any discovery that it might have reasonably requested related to illegality.  I find no prejudice to

Page 5 - OPINION AND ORDER

plaintiff, and therefore, no waiver.

2. Choice of Law

Next plaintiff argues that the application of Oregon law to this dispute is inappropriate and that the parties "appear" to have agreed to the law of Alaska.  There is no dispute that the draft Professional Services Agreement (upon which plaintiff's argument is based) was never executed by the parties.  Even assuming, however, that Alaska law does apply to this dispute, plaintiff would be bound to submit this dispute to arbitration pursuant to Paragraph 20.2 of the draft Agreement, instead of filing a lawsuit in this court.

Finally, it bears noting that I am not deciding here which state's law will set the ground rules for the parties' dispute, but determining only whether an out-of-state engineer, unregistered in Oregon, violates Oregon's engineering registration statutes by performing design work on an Oregon public works construction project.  See Or. Rev. Stat. 672.020. I do not find a choice of law question at issue here especially where the statute itself contemplates and prescribes the specific procedure applicable to out-of-state engineers.  See Or. Rev. Stat. 672.060(9).

3. Plaintiff's Scope of Work

Defendant argues that plaintiff is barred from seeking legal or equitable relief for services and work allegedly performed on

Page 6 - OPINION AND ORDER

the Portland Streetcar Loop construction project because neither plaintiff nor its personnel held a valid Oregon engineer certificate, nor designated an Oregon engineer to be "in responsible charge" of the engineering work.[1]

Plaintiff asserts that the precise scope of work to be performed is not clear from the various documents, and a final agreement was never reached as to the details.

Upon close review of the documents at issue (the Bid dated September 25, 2009; and plaintiff's Invoice), the court finds a genuine issue of material fact exists as to (1) whether plaintiff contracted to perform "engineering work;" and (2) assuming plaintiff did so, whether plaintiff then substantially complied with Or. Rev. Stat. 672.060(9).  As noted above, there is no dispute that there was not a signed agreement between the parties; and the parties were engaged in ongoing negotiations regarding the scope of plaintiff's work up until the date the relationship dissolved on November 17, 2010.  When reviewing the September 25, 2009 Bid, the Purchase Order, the Professional Services Contract, and the Invoice, there is insufficient and conflicting detail as to the scope of work outlined in each of those documents.  For example, the September 25, 2009 Bid states

---

[1] Defendant also alleged that plaintiff is not licensed as a contractor by the Oregon Construction Contractors Board. Defendant, however, contends it is not a contractor subject to the separate licensing requirements for contractors under Oregon law.

Page 7 - OPINION AND ORDER

that plaintiff is to "perform all Detailed Design, Cutover Plans,
Shop Drawings, Product Submittals, Programming; Testing &
Training as required by the specification."   Neither party,
however, attaches these "specifications" and therefore it is
unclear precisely what "Detailed Design" is required.   Similarly,
the Invoice, prepared by plaintiff, includes only limited
descriptions of work performed.   The description "Final Design
Submittal" is insufficient to allow any reasonable interpretation
of what was designed and what was required to create the design.
Moreover, as the parties were continuing to negotiate the scope
of work up until the termination date of the relationship, there
is no evidence that any version of plaintiff's scope of work
beyond whatever plaintiff actually accomplished was actually
agreed to by the parties.

Even assuming, however, that plaintiff's work required an
Oregon engineering licensing pursuant to Or. Rev. Stat. Chapter
672, a question of fact remains as to whether plaintiff
"substantially complied" with Or. Rev. Stat. 672.060(9).   This
statute provides that Oregon's Engineering licensing statues do
not apply if plaintiff "holds a certificate of registration to
engage in the practice of professional engineering . . . issued
by . . . any other state;" and "[t]he offer includes a written
statement that the [plaintiff] is not registered to practice
engineering . . . in the State of Oregon, but will comply . . .

by having an individual holding a valid certificate of
registration in this state in responsible charge of the work
prior to performing any engineering . . . within this state."
Id.  There is no dispute that plaintiff is registered to engage
in the practice of professional engineering in other states.
Moreover, the September 25, 2009 Bid stated: "Design of support,
foundations, and anchorage by a Professional Engineer licensed in
the state of Oregon in accordance with the Contract Documents for
substations and other ancillary structures related to the system
scope of work." Plaintiff argues that it substantially complied
with the requirements of Or. Rev. Stat. 672.060(9) in that
defendant "knew" that an Oregon licensed engineer would
ultimately be responsible for engineering components and
defendant "knew of and approved" plaintiff's non-licensed circuit
designer.  Again, a close review of the record raises several
questions of material fact surrounding any "substantial
compliance" and specifically what defendant may have "known" in
this regard.  Defendant's motion for summary judgment is denied.

Page 9 - OPINION AND ORDER

CONCLUSION

Defendant's motion for summary judgment (doc. 18) is denied.

IT IS SO ORDERED.

Dated this 7th day of May 2013.

_____
Ann Aiken
United States District Judge

Page 10 - OPINION AND ORDER